PER CURIAM.
Jaime Esquivel Mora (Esquivel) petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. We deny the petition for review.
Esquivel, a native and citizen of Mexico, entered the United States in 1990 with a temporary agricultural worker’s visa, which he overstayed. In 2009, the Department of Homeland Security apprehended Esquivel and served him with a notice to appear in removal proceedings, charging him with remaining in the United States for a time longer than permitted by his visa. See 8 U.S.C. § 1227(a)(1)(B). Es-quivel appeared before an immigration judge (IJ) and conceded removability. Es-quivel applied for cancellation of removal on the basis that his removal to Mexico would result in exceptional and extremely unusual hardship to his United States citizen children. See 8 U.S.C. § 1229b(b)(l). Esquivel also sought voluntary departure. See 8 U.S.C. § 1229c(b)(l).
After hearing testimony from several witnesses, the IJ denied Esquivel’s applications for cancellation of removal and voluntary departure. The IJ found that Es-quivel’s untruthful testimony about having no contact with his parents in Mexico and his siblings in the United States was material and precluded him from establishing good moral character. The IJ also determined that Esquivel had failed to establish the requisite degree of hardship to his United States citizen children. The IJ went on to conclude that, even if Esquivel had demonstrated the statutory prerequisites for cancellation of removal, his application would be denied as a matter of discretion based on his untruthful testimony. Finally, the IJ denied Esquivel’s request for voluntary departure for failing to establish good moral character and also as a matter of discretion.
Esquivel appealed the IJ’s decision to the BIA. Dismissing his appeal from the denial of cancellation of removal, the BIA agreed with the IJ that Esquivel had “not established that his children will suffer hardship substantially beyond that which ordinarily would be expected to result from a family member’s removal from the United States.” (AR 3). On de novo re *577 view, however, the BIA found that Esquiv-el had established good moral character and that he was statutorily eligible for voluntary departure. The BIA further held that Esquivel merited voluntary departure as a matter of discretion.
This timely petition for review followed. Where, as here, the BIA issues a separate decision rather than summarily affirming the IJ’s decision, we review the BIA’s decision as the final agency determination. Khalili v. Holder, 557 F.3d 429, 435 (6th Cir.2009). To the extent that the BIA adopts the IJ’s reasoning, we also review the IJ’s decision. Id. We generally lack jurisdiction to review the discretionary denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction, however, to review “constitutional claims or questions of law” as well as non-discretionary decisions. 8 U.S.C. § 1252(a)(2)(D); Aburto-Rocha v. Mukasey, 535 F.3d 500, 502 (6th Cir.2008).
Esquivel contends that he was denied a fair and objective hearing on his application for cancellation of removal because the IJ’s erroneous credibility determination adversely affected the IJ’s analysis and evaluation of the hardship evidence. To establish a due-process violation, Esquivel must show that there was a defect in the removal proceedings and that he was prejudiced by that defect. See Abdallahi v. Holder, 690 F.3d 467, 472 (6th Cir.2012). In its decision— the final agency determination — the BIA found that the inconsistencies in Esquiv-el’s testimony were not willful or material and were not made to obtain an immigration benefit and concluded that he had established good moral character. In holding that Esquivel had failed to establish the requisite degree of hardship to his United States citizen children, the BIA did not mention the inconsistencies in his testimony or otherwise address his credibility. Esquivel has failed to demonstrate that the IJ’s statements about his untruthful testimony “led to a substantially different outcome” with respect to the BIA’s hardship determination. Id. In any event, Esquivel has no protected interest in discretionary relief such as cancellation of removal. See Martial-Emanuel v. Holder, 523 Fed.Appx. 345, 350 (6th Cir.2013). We lack jurisdiction to consider Esquivel’s argument that he demonstrated exceptional and extremely unusual hardship to his United States citizen children, which is merely a challenge to the agency’s discretionary determination. See Ettienne v. Holder, 659 F.3d 513, 518-19 (6th Cir.2011); Lopez Gonon v. Holder, 341 Fed.Appx. 88, 92 (6th Cir.2009).
Esquivel next asserts that the BIA and the IJ applied the incorrect legal standard by focusing on the present circumstances of his United States citizen children rather than on the future hardships that they would face if he were removed and they accompanied him to Mexico. The BIA and the IJ did not believe, as Esquivel contends, that his children would remain in the United States if he were removed to Mexico. The BIA and the IJ explicitly considered the future hardships that Es-quivel’s children would face if they accompanied him to Mexico. The administrative decisions belie Esquivel’s arguments.
For the foregoing reasons, we deny Es-quivel’s petition for review.